# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSHUA JAMES SCOLMAN,**
       **Plaintiff,**

     **v.**                                  **Case No. 21-C-1435**

**DANIEL LA VOIE, et al.,**
       **Defendants.**

---

## <u>SCREENING ORDER</u>

On February 8, 2022, I screened plaintiff Joshua James Scolman's pro se complaint and allowed him to proceed on federal and state law claims against defendant Daniel La Voie at Green Bay Correctional Institution (GBCI). ECF No. 10. I alternatively allowed the plaintiff to amend his complaint within thirty days. The plaintiff timely filed an amended complaint, ECF No. 11, which is now before me for screening.

### I. SCREENING THE AMENDED COMPLAINT

**A. Federal Screening Standard**

As previously explained, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the amended complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v.*

*Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## B. Plaintiff's Allegations

As in the original complaint, the amended complaint names GBCI Medical Director Daniel La Voie, Health Services Manager Hanna Utter, and Advanced Nurse Practitioner Lori Wachholtz. Also as in the original complaint, the plaintiff sues the defendants in their individual and official capacities.

The plaintiff reiterates his allegations about his untreated back and nerve pain that causes him loss of control of his legs, loss of bladder function, and other ailments. He

reiterates that in 2020, GBCI staff sent the plaintiff to a neural specialist at Privea Health Clinic and that the specialist ordered various tests on the plaintiff's lower back. The plaintiff says GBCI staff performed those tests but did not provide adequate medication, explaining that they "would wait to see what the surgeon said." ECF No. 11, ¶ 7.

In 2021, the prison sent him to see Dr. Dominic Chabot (not a defendant) at Privea. Dr. Chabot recommended surgery, but the plaintiff opted for non-surgical treatments. Dr. Chabot ordered physical therapy and Lyrica for the plaintiff's pain and advised the plaintiff to follow-up within three months. The plaintiff alleges GBCI did not follow Dr. Chabot's treatment orders. He later had an appointment with Wachholtz, who refused to order the Lyrica for his pain and instead ordered "experimental" mental health medication and physical therapy (as Dr. Chabot recommended). Wachholtz "admitted ignorance to [plaintiff's] issues and said she needed to rely on the surgeon," but she did not follow Dr. Chabot's recommendations. *Id.*, ¶ 13. The plaintiff says the medication did not help and caused side effects, which he reported to Wachholtz, medical staff, and Utter. He says staff continued to ignore his concerns.

The plaintiff had a follow-up appointment with Dr. Chabot three months later, during which Dr. Chabot recommended the same treatment. The plaintiff then sent La Voie a letter about his concerns. (He again attached a copy of the letter. ECF No. 13-1 at 4.) The plaintiff says La Voie "was indifferent and assumed the issue was moot" because GBCI staff had provided treatment, albeit ineffective treatment. ECF No. 11, ¶ 18.

The plaintiff again saw Wachholtz and told her the treatment was not working. When he asked why they were not providing him the treatment Dr. Chabot had recommended, she allegedly responded that "they only give that to those who really need

it." *Id.*, ¶ 20. The plaintiff thereafter continued to contact the Health Services Unit and Utter, "relentlessly telling them" that his medications were not working and "begging for help." *Id.*, ¶ 21. He says "all parties" knew about his condition and pain, but they "ignored the issues while throwing medications at him that were not for his particular pain, nor were they effective in treating it." *Id.*, ¶ 22. He says his pain worsened and causes him mental health issues.

The plaintiff asserts that the defendants have been deliberately indifferent and negligent to his health issues. He seeks declaratory judgment, injunctive relief ordering the defendants to follow Dr. Chabot's treatment plan, and damages.

## C. Analysis

In the previous order, I allowed the plaintiff to proceed on an Eighth Amendment claim against La Voie, against whom the plaintiff sufficiently alleged a claim of deliberate indifference. ECF No. 10 at 5–6 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019); and *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc)). Because the amended complaint restates the same allegations against La Voie, the plaintiff still may proceed against him on this claim. The amended complaint also sufficiently states an Eighth Amendment claim against Utter and Wachholtz, who the plaintiff alleges were aware of his medical complaints and ongoing pain but ignored Dr. Chabot's recommendations and failed to provide adequate treatment.

The plaintiff also alleges that La Voie and Utter (but not Wachholtz) were negligent in treating his medical issues. As previously noted, negligence is not a cognizable claim under federal law but may state a claim under state law. *Id.* at 6–7 (citing *Farmer*, 511

U.S. at 835–36, and *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001)). For now, I will exercise the court's supplemental jurisdiction over a state-law negligence claim against La Voie and Utter. *See* 28 U.S.C. § 1367(a).

I also previously allowed the plaintiff to proceed against La Voie in his official capacity for injunctive relief but not for declaratory relief or damages. ECF No. 10 at 9–10. The amended complaint adequately restates this claim for relief. All defendants are alleged to be state employees, so a suit against any in his or her official capacity is in essence one against the State of Wisconsin. *Id.* at 9 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); and *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). Allowing the plaintiff to proceed against each defendant in his or her official capacity would duplicate his claim for injunctive relief. *See, e.g.*, *Kemper v. Piech*, No. 17-CV-1123-JPS, 2017 WL 4162331, at *3 (E.D. Wis. Sept. 19, 2017). Therefore, I will allow him to proceed on this claim against only La Voie, who as the Medical Director at GBCI is a proper party to provide this relief. ECF No. 10 at 10 (citing *Gray v. McCaughtry*, 72 F. App'x 434, 437 (7th Cir. 2003)).

## II. CONCLUSION

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the amended complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Daniel La Voie, Hanna Utter, and Lori Wachholtz. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the amended complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 3rd day of March, 2022.


s/Lynn Adelman
LYNN ADELMAN
United States District Judge